# IN THE COURT OF APPEALS OF IOWA

No. 16-2054
Filed September 13, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**STEPHEN CARL BRODERSEN, JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Floyd County, Christopher C. Foy, Judge.

        The defendant appeals his conviction of third-degree sexual abuse following a jury trial, asserting the district court erred in allowing the sexual-assault nurse examiner to testify as to the victim's statements over the defendant's objection. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Following a jury trial, Stephen Brodersen Jr. was found guilty of third-degree sexual abuse. He now appeals his conviction, arguing the district court erred or abused its discretion when it permitted the victim's examining nurse to testify, over Brodersen's objection, to statements made by the victim to the nurse during the nurse's examination of the victim. Brodersen argues the district court erred in finding the hearsay exception concerning medical treatment applied to permit the nurse's hearsay testimony, because, he alleges, the victim's statements to the examining nurse were not made for the purposes of medical diagnosis or treatment but rather given in response to the nurse's questions as part of the nurse's forensic examination. Our review is for correction of errors at law. *See State v. Smith*, 876 N.W.2d 180, 184 (Iowa 2016).

Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted. *See* Iowa R. Evid. 5.801(c); *Smith*, 876 N.W.2d at 185. The general rule is that hearsay is not admissible at trial unless an exception or exclusion to the rule applies. *See* Iowa Rs. Evid. 5.802-.807; *Smith*, 876 N.W.2d at 185. Here, the parties do not dispute the nurse's testimony detailing the victim's statements and answers given during her examination is hearsay. Rather, the fighting issue is whether the exception, set out in Iowa Rule of Evidence 5.803(4), applies to permit the hearsay testimony.

Rule 5.803(4) excepts from the hearsay prohibition "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent

to diagnosis or treatment." *See* Iowa R. Evid. 5.803(4). Breaking the rule down into its parts, the medical diagnosis or treatment exception to the hearsay rule applies if two criteria are met: (1) the statements were "made for purposes of medical diagnosis or treatment," and (2) the statements describe "medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." *Id.*; *see also Smith*, 876 N.W.2d at 185.

> The rationale for the exception is that statements made by a patient to a doctor for purposes of medical diagnosis or treatment are "likely to be reliable because the patient has a selfish motive to be truthful." This motive exists because the effectiveness of the medical treatment rests on the accuracy of the information imparted to the doctor. A patient understands that a false statement in a diagnostic context could result in misdiagnosis. Thus, the circumstances of statements made for diagnosis and treatment provide "special guarantees of credibility" and justify the exception to the rule against hearsay.

*Smith*, 876 N.W.2d at 185 (citations omitted).

Brodersen essentially contends that because the victim did not initiate medical treatment on her own, but rather only sought treatment after law enforcement officials encouraged her to do so, the statements made by the victim to her examining nurse were not made for the purposes of medical diagnosis or treatment. Additionally, Brodersen points out the nurse testified she obtained information from the victim to determine what forensic evidence to obtain and that some of the information related to her by the victim was not pertinent to the victim's medical treatment. He also notes the examining nurse was not asked at trial if she explained to the victim "that the purpose of the exam was for medical treatment or that truthful answers were needed to ensure

appropriate treatment." Brodersen claims the testimony of the nurse recounting the victim's statements, including those he contends were not relevant to her treatment, served to bolster the victim's credibility to his detriment, "tipp[ing] the scales toward Brodersen's guilt" and resulting in prejudice to him. We disagree.

It is true the victim did not initiate treatment; nevertheless, it was the victim that—on her own—told the 9-1-1 dispatcher she had been sexually abused by Brodersen, in addition to relating Brodersen's medical emergency that day. The victim told the responding officers she had been sexually abused by Brodersen, and it was the victim that ultimately chose to go to the hospital for an examination, told the emergency room staff she had been sexually abused, waited to be examined by the sexual-assault nurse examiner, and then told the nurse what happened. We believe these circumstances are evidence of the victim's motivation to be truthful. While the statements made by the victim to the nurse were used to determine what forensic evidence to obtain, we believe all of the statements were made for purposes of medical diagnosis, if not for medical treatment. That the matters overlap is due to the nature of the crime. The medical professionals ask questions to determine what happened and what treatment is required. In making those assessments, evidence related to a crime is collected, if available and appropriate. The victim did not have to submit to the sexual-abuse examination or answer the examining nurse's questions; she chose to do so. The victim told the nurse the actions Brodersen took related to the sexual abuse, beginning to end. Though some minor details provided by the victim were not directly required for treatment, those details were all given with information about and in reference to Brodersen's actions. We find no error in

the district court's determination that the medical diagnosis or treatment exception to the hearsay rule in rule 5.803(4) applied to permit the nurse's testimony of the victim's statements made during the examination.

Moreover, even assuming arguendo that some of the statements were admitted erroneously, we believe the record affirmatively establishes, under the facts of this case, that the admission of hearsay evidence over proper objection was not prejudicial. *See State v. Plain*, ___ N.W.2d ___, ___, 2017 WL 2822482, at *4 (Iowa 2017). "The burden to affirmatively establish lack of prejudice is met 'if the record shows the hearsay evidence did not affect the jury's finding of guilt.' Tainted evidence that is merely cumulative does not affect the jury's finding of guilt." *Id.* (quoting *State v. Elliott*, 806 N.W.2d 660, 669 (Iowa 2011)). Here, the testimony of the nurse concerning the victim's statements was merely cumulative of evidence already in the record—namely the victim's testimony. More significantly, there was other evidence in the record that bolstered the victim's testimony—the messages sent by Brodersen to the victim via social media after the sexual abuse. One message stated Brodersen was "very sorry that things went further than [she] wanted." After many more messages to the victim, the victim responded, "Even when I said no you continued to try last night . . . . I told you that I didn't want to be with you not like that . . . . [W]hat you did last night was rape . . . . I said no on more than one occasion." Brodersen replied that he was "so sorry" and that he hurt her and it was messing him up. He told her he would not "touch [her] without [her] permission from now on." Under these circumstances, we think the jury's guilty verdict was surely unattributable to the admission of hearsay evidence, and

therefore, its admission was harmless beyond a reasonable doubt. *See State v. Newell*, 710 N.W.2d 6, 27 (Iowa 2006).

Because the hearsay testimony given by the victim's examining nurse was admissible under the medical diagnosis or treatment exception to the hearsay rule, and even if it was not, the admission of the hearsay evidence was not prejudicial, we affirm Brodersen's conviction of third-degree sexual abuse.

**AFFIRMED.**